**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51632**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed:  October 16, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| PHILLIP LEWIS MAXEY, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Peter G. Barton, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of incarceration of five years, for felony domestic battery or violence, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before HUSKEY, Judge; LORELLO, Judge;
and TRIBE, Judge

_____

PER CURIAM

Phillip Lewis Maxey pled guilty to felony domestic violence or battery, Idaho Code §§ 18-918, 18-903(a), misdemeanor intentional destruction of a telecommunication line or telecommunication instruments, I.C. § 18-6810, and misdemeanor false imprisonment, I.C. § 18-2901.  For the felony, the district court imposed a unified sentence of ten years, with a minimum period of incarceration of five years.  The court ordered credit for time served for the two misdemeanors.  Maxey appeals, contending that his felony sentence is excessive.

Sentencing is a matter for the trial court's discretion.  Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and

1

need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Maxey's judgment of conviction and sentence are affirmed.